1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DESHAWN MALONE,                         No.  2:14-cv-2096 DAD P

12                  Plaintiff,

13          v.                               ORDER

14   JEFFREY BEARD, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

21   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23   1914(a), 1915(b)(1).  Plaintiff is currently without funds.  Accordingly, the court will not assess

24   an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly

25   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

26   account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk

27   of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

28   in full.  28 U.S.C. § 1915(b)(2).

1    The court is required to screen complaints brought by prisoners who seek relief against a

2  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

3  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

4  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

5  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8  Cir. 1984).  The court must dismiss a claim as frivolous where it is based on an indisputably

9  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

10  327.  The court's key inquiry is whether a constitutional claim, however inartfully pleaded, has an

11  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

12  Franklin, 745 F.2d at 1227.

13    When considering whether a complaint states a claim upon which relief can be granted,

14  the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

15  construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416

16  U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than those drafted by

17  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive dismissal for failure to

18  state a claim, a pro se complaint must contain more than "naked assertions," "labels and

19  conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp.

20  v. Twombly, 550 U.S. 544, 555-57 (2007).  "Threadbare recitals of the elements of a cause of

21  action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662,

22  678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial

23  plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

24  factual content that allows the court to draw the reasonable inference that the defendant is liable

25  for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Finally, attachments to a complaint are

26  considered part of the complaint for purposes of a motion to dismiss for failure to state a claim.

27  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

28  /////

For purposes of the screening requirement of § 1915A, the court finds that plaintiff has alleged cognizable claims against the following defendants for use of excessive force and wanton and unnecessary infliction of pain in violation of the Eighth Amendment:  Loftin, Cross, Cohn, Sharp, Vegas, Qualls, Hahn and Williams.  Plaintiff has also stated cognizable claims against the following defendants for the alleged wanton and unnecessary infliction of pain in failing to allow plaintiff to decontaminate from pepper spray:  Boisa, Cross, Cohn, Sharp, Vegas, Qualls, Hahn and Williams.

Finally, plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (Doc. No. 5) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Service is appropriate for the following defendants:  Loftin, Boisa, Cross, Cohn, Sharp, Vegas, Qualls, Hahn and Williams.

/////

3

1    4.  The Clerk of the Court shall send plaintiff nine USM-285 forms, one summons, an

2  instruction sheet and a copy of the complaint filed September 10, 2014.

3    5.  Within thirty days from the date of this order, plaintiff shall complete the attached

4  Notice of Submission of Documents and submit the following documents to the court:

5    a.  The completed Notice of Submission of Documents;

6    b.  One completed summons;

7    c.  One completed USM-285 form for each defendant listed in number 3 above;

8  and

9    d.  Ten copies of the endorsed complaint filed September 10, 2014.

10    6.  Plaintiff need not attempt service on defendants and need not request waiver of service.

11  Upon receipt of the above-described documents, the court will direct the United States Marshal to

12  serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment

13  of costs.

14    7.  The motion for appointment of counsel (Doc. No. 4) is denied.

15  Dated:  March 16, 2015

16

17  _____

18  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

19  hm
    malo2096.1a.new

20

21

22

23

24

25

26

27

28

4

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11                                              |   No.

12                  Plaintiff,                  |

13          v.                                  |   NOTICE OF SUBMISSION OF
                                                    DOCUMENTS
14                                              |

15                  Defendant.                  |

16  _____

17          Plaintiff hereby submits the following documents in compliance with the court's order

18  filed _____:

19          ____        completed summons form

20          ____        completed USM-285 forms

21          ____        copies of the _____

22                                  Complaint

23  DATED:

24

25

26

27                                              _____

28                                              Plaintiff

5