1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  DESHAWN MALONE,                              No.  2:14-cv-2096 KJN P (TEMP)
12              Plaintiff,
13       v.                                      ORDER
14  JEFFREY BEARD, et al.,
15              Defendants.
16
17

18  I.  Introduction
19         Plaintiff, a state prisoner proceeding pro se and in forma pauperis ("IFP"), has filed this
20  civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the original pleading,
21  which was found to state potential Eighth Amendment claims against multiple defendants. (ECF
22  No. 10.)
23         Before the court is defendants' June 1, 2015 motion to revoke plaintiff's IFP status
24  because he is a "three-strikes" prisoner and dismiss this case without prejudice.  (ECF No. 18.)
25  Plaintiff opposes the motion pursuant to the imminent danger exception of 28 U.S.C. § 1915(g).
26  Defendants filed a reply.  This matter is fully briefed and ready for disposition.
27  ////
28

1   II.  Relevant Background

2        Plaintiff's claims arise from two separate assaults (one in 2011 and the other in 2012) by

3   the defendant correctional officers while plaintiff was housed at High Desert State Prison

4   ("HDSP") in Susanville, California.  Plaintiff has been found to state potentially cognizable

5   claims against the following defendants for use of excessive force and wanton and unnecessary

6   infliction of pain in violation of the Eighth Amendment:  Loftin, Cross, Cohn, Sharp, Vegas,

7   Qualls, Hahn, and Williams.  Plaintiff also states potentially cognizable claims against the

8   following defendants for the alleged wanton and unnecessary infliction of pain in failing to allow

9   plaintiff to decontaminate from pepper spray:  Boisa, Cross, Cohn, Sharp, Vegas, Qualls, Hahn,

10  and Williams.

11       When he filed suit on September 10, 2014, plaintiff was housed at California State Prison

12  in Corcoran, California ("CSP-Corcoran").  (See ECF No. 1.)

13  III.  Discussion

14       The Prison Litigation Reform Act ("PLRA") was intended to eliminate frivolous lawsuits,

15  and its main purpose was to address the overwhelming number of prisoner lawsuits.  Cano v.

16  Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014).   Title 28 U.S.C. § 1915(g), a part of the PLRA,

17  reads:

18              In no event shall a prisoner bring a civil action or appeal a judgment
                in a civil action or proceeding under this section if the prisoner has,
19              on 3 or more prior occasions, while incarcerated or detained in any
                facility, brought an action or appeal in a court of the United States
20              that was dismissed on the grounds that it is frivolous, malicious, or
                fails to state a claim upon which relief may be granted, unless the
21              prisoner is under imminent danger of serious physical injury.

22

23  28 U.S.C. § 1915(g).  As the Supreme Court has stated, this "three strikes rule" was part of "a

24  variety of reforms designed to filter out the bad claims filed by prisoners and facilitate

25  consideration of the good."  Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones

26  v. Block, 549 U.S. 199, 204 (2007)).

27  ////

28

If a prisoner has "three strikes" under § 1915(g), the prisoner will be barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).

The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Andrews, 493 F.3d at 1055.

The court takes judicial notice of plaintiff's prior filings in this court, confirming that he has accumulated more than "three strikes" for purposes of § 1915(g). See Malone v. Gonzalez, 1:12-cv-1758-MJS (dismissal with prejudice on March 29, 2013, for failure to state a claim), aff'd Malone v. Gonzalez, Case No. 13-15712 (9th Cir. Mar. 27, 2014); Malone v. Rangel, 1:09-cv-0505-SKO (dismissal without leave to amend on July 29, 2010, for failure to state a claim); Malone v. Gonzalez, 1:11-cv-0697-DLB (dismissal without leave to amend on May 1, 2012, for failure to state a claim); Malone v. Jones, 1:11-cv-1397-JLT (dismissal with prejudice on October 29, 2010, for failure to state a claim). In his opposition, plaintiff does not contest the fact that he has accumulated at least three strikes. Accordingly, the relevant question in this case is whether plaintiff has adequately alleged that he is in "imminent danger."

Plaintiff's complaint does not include any allegation of imminent danger. In his opposition, plaintiff claims that the imminent danger exception is satisfied because he may at some point be transferred back to HDSP. He then cites to a Seventh Circuit case, Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002), for the proposition that it would be unjust to deny a three-strikes prisoner the opportunity to file a lawsuit after he was assaulted. In that case, though, the Seventh Circuit listed an array of options available to three-strikes prisoners who wish to bring allegations of misconduct, including paying the filing fee in advance or borrowing from friends or relatives. In addressing one of those options—the "imminent danger" exception of § 1915(g)— the court noted as follows:

> Option 7, which allows suit without prepayment when "the prisoner
> is under imminent danger of serious physical injury", can serve its
> role as an escape hatch for genuine emergencies only if understood

3

reasonably. *If limited* to situations in which, say, a beating is ongoing, no prisoner will find solace; once the beating starts, it is too late to avoid the physical injury; and once the beating is over the prisoner is no longer in "imminent danger" and so could not use this proviso to seek damages (though with a solid claim for damages the prisoner would have an easier time persuading a lawyer to advance the filing fee).

279 F.3d at 531 (emphasis added).  Plaintiff seizes on this language and the court's next sentence, which reads:  "Reading the imminent-danger language this way would make it chimerical, a cruel joke on prisoners," <u>id.</u>, to argue that the administration at a particular institution could avoid lawsuits by three-strikes prisoners by simply transferring them to other institutions.  But <u>Lewis</u> does not support this proposition since the court went on to reject that construction of the imminent danger language:

> The imminent-danger language must be read *instead* as having a role in those cases where time is pressing and the prisoner is unable to pursue the other options in our list. When a threat or prison condition is real and proximate, and when the potential consequence is "serious physical injury," then the courthouse doors are open even to those who have filed three frivolous suits and do not have a penny to their name.

279 F.3d at 531 (emphasis added).  In this case, there is no suggestion that plaintiff is in danger of serious physical injury over two years after the occurrence of the incidents at issue in this case, or that he is unable to pursue any of the multiple options available to him in order to proceed on his claims, including saving his money or borrowing from others.

Similarly, plaintiff's reliance on <u>Martin v. Shelton</u>, 319 F.3d 1048 (8th Cir. 2003), is misplaced.  In that case, the prisoner filed suit against two correctional officers for violating his constitutional right to be free from cruel and unusual punishment by forcing him to work in cold weather without warm clothes, and then in hot weather despite his high blood pressure condition. The appellate court held that Martin's complaint did not make any allegation of ongoing danger, other than conclusory allegations that were deemed insufficient.  In discussing the imminent danger exception, the court held that it "focuses on the risk that the conduct complained of threatens continuing or future injury, *not on whether the inmate deserves a remedy for past misconduct*."  <u>Id.</u>at 1050 (emphasis added).

////

4

1    Here, plaintiff's complaint raises claims arising from conduct that occurred over two years

2    before he filed suit and while he was housed at HDSP.  At the time that he filed suit, though, he

3    had already been transferred to CSP-Corcoran and a significant period of time had passed.

4    Though plaintiff claims that he may be transferred back to HDSP at some point in the future, this

5    speculation is insufficient to satisfy the imminent danger exception.  The court thus agrees with

6    defendants that plaintiff's in forma pauperis status should be revoked.  The court, however, will

7    not recommend dismissal of this case at this time and will instead provide plaintiff with an

8    opportunity to pay the filing fee.

9  IV.  Conclusion

10    Accordingly, IT IS HEREBY ORDERED that:

11    1.  Defendants' motion for an extension of time to file a reply (ECF No. 22) is granted;

12    2.  Defendants' September 16, 2015, reply is deemed timely filed;

13    3.  Defendants' motion to revoke IFP status (ECF No. 18) is granted in part;

14    4.  Plaintiff's IFP status (ECF No. 10) is revoked; and

15    5.  Plaintiff shall submit, within twenty-one days from the date of this order, the $400.00

16        filing fee.  Plaintiff's failure to comply with this order will result in a recommendation

17        that this action be dismissed.

18  Dated:  March 1, 2016

19

20    KENDALL J. NEWMAN
      UNITED STATES MAGISTRATE JUDGE

21

22

23

24
   /malo2096.ifp.revoke
25

26

27

28

5